UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEEK ESSENTIALS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17CV2853JCH |
| ) | |
| SHERMAN CARTER PTY LTD., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is the Motion for Remand and Fees filed by Plaintiff Geek Essentials, LLC. (ECF 7). The matter is fully briefed and ready for disposition.

## BACKGROUND

On November 10, 2017, Plaintiff filed a cause of action against Defendants Sherman Carter PTY LTD, Digital Tree House PTY LTD, Gary Tramer, and Michael Jankie, a/k/a Allan Jankie, in the Circuit Court of the City of St. Louis, Missouri. (ECF 1.1). Plaintiff sought to recover damages and other relief for alleged fraudulent statements and omissions made in connection with the sale of a business. As relevant to the pending Motion for Remand and Fees, Plaintiff's Complaint alleges that Plaintiff is a "limited liability company incorporated in Missouri with its principal place of business in Missouri, and with members

1

domiciled in Delaware, Missouri, and Canada." (ECF 1.1, ¶ 2). The Complaint further alleges that Defendant Sherman Carter PTY LTD is a private Australian Company, located in Victoria Australia; that Defendant Digital Tree House PTY LTD is a private Australian Company, located in Victoria, Australia, and "is believed to be the parent company of Sherman Carter"; that Defendant Gary Tramer is a citizen of Australia; and that Defendant Michael Jankie, a/k/a Allan Jankie, is a citizen of Australia. (ECF 1.1, ¶¶ 3-6).

On December 8, 2017, Defendants removed this matter to the United States District Court for the Eastern District of Missouri on the basis of the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF 1). Specifically, Defendants state, in the Notice of Removal that the amount in controversy exceeds $75,000; that each Defendant is a citizen of Australia; that Plaintiff is a limited liability company formed under the laws of Missouri and with its principal place of business within Missouri; and that, therefore, this civil action is between citizens of a State and citizens or subjects of a foreign state, as required for this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF 1, ¶¶ 5-8).

On January 2, 2018, pursuant to Local Rule 3-2.09, Plaintiff filed a Disclosure of Organizational Interests Certificate reflecting that it is a limited liability company and stating that, as such, its member NeedWant, Inc., is incorporated under Delaware law and is a citizen of Delaware and Missouri, and its

member Tiny Capital Ltd., is incorporated under British Columbia law as a Canadian Controlled Private Corporation and a citizen of Canada. (ECF 6 at 1-2).

On January 10, 2018, Plaintiff filed the Motion under consideration in which it asserts that, because Plaintiff is a domestic and foreign citizen and Defendants are foreign citizens, the complete diversity required for federal jurisdiction pursuant to 28 U.S.C. § 1332(a) does not exist; Plaintiff's foreign citizenship destroys diversity. (ECF 7, ¶¶ 5-6). Plaintiff further asks the Court to award it costs, expenses, and attorneys' fees because "Defendants lacked an objectively reasonable basis for removal." (ECF (ECF 7, ¶ 8) (*citing* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

## LEGAL FRAMEWORK and DISCUSSION

The party seeking the federal forum has the burden of pleading diversity of citizenship of the parties, *Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence, *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir. 1992). "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." *Transit Cas. Co v. Certain Underwriters at Llyod=s of London,* 119 F.3d 619, 625 (8th Cir. 1997).

Federal district courts have original jurisdiction of all civil actions when the

matter in controversy.is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). Where there are plural plaintiffs and/or plural defendants, a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants. *Iowa Pub. Serv. Co. v. Med. Bow Coal, Co.,* 556 F.2d 400, 403-404 (8th Cir. 1977). "[T]here is no explicit grant of jurisdiction in a case where one side consists of only citizens of a foreign state and the other side consists of both citizens of a [S]tate and of a foreign state." *Wu v. Ryder Truck Rental, Inc.,* 561 F. Supp. 2d 1061, 1062 (E.D. Mo. 2008) (*citing, e.g., Lee v. ANC Car Rental Corp.,* 220 Fed. Appx. 493 (9th Cir. 2007) (diversity lacking where Korean plaintiffs sued defendants who were citizens of Korea, Florida, Delaware and Michigan); *U.S. Motors v. General Motors Europe,* 519 F. Supp. 2d 671 (E.D. Mich. 2007) (finding no diversity jurisdiction where plaintiffs were citizens of Florida, Iowa, Michigan, the Czech Republic, Slovakia and the Netherlands and defendant was a citizen of Switzerland).

For purposes of determining diversity, "the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited." *Affordable Communities of Missouri v. EF & A Capital Corp.,* 2008 WL 4966731, at *1 (E.D. Mo. Nov. 19, 2008) (*citing Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990); *Buckley v. Control Data Corp.,* 923 F.2d 96, 97 (8th Cir. 1991)). For a limited liability company, the Court must examine the citizenship of each of

its members for purposes of determining whether federal diversity jurisdiction exists. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004). In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. *Ryan v. Schneider Nat'l Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

Defendants' Notice of Removal confirms the allegation of Plaintiff's Complaint that Defendants are all foreign citizens. While the Complaint is arguably not definitive regarding Plaintiff's citizenship, Plaintiff's Disclosure of Organizational Interests Certificate clearly articulates that Plaintiff is an LLC and that its first member, NeedWant, is a citizen of Delaware and Missouri and that Plaintiff's second member, Tiny Capital, is a citizen of Canada. As a limited liability company, Plaintiff's citizenship is determined by that of both of its members, NeedWant and Tiny Capital. *See Affordable Communities of Missouri,* 2008 WL 4966731, at *1. Thus, Plaintiff is both a citizen of a State and of a foreign state. Because Plaintiff is both a citizen of a State and of a foreign state and Defendants are all citizens of a foreign state, the Court finds that the complete diversity required for federal jurisdiction does not exist. *See Iowa Pub. Serv.,* 556 F.2d at 403-404; *Wu,* 561 F. Supp. 2d at 1062. As such, the Court further finds that this Court does not have federal jurisdiction pursuant to 28 U.S.C. § 1332(a),

5

and that this matter should be remanded to State court.

To the extent Plaintiff asks that the Court award costs, expenses, and attorney's fees, the Court finds that Defendants had an objectively reasonable basis for removal and that, therefore, the unusual circumstances which are a prerequisite for the awarding of fees and costs incurred in a remanded case are not present. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). As such, the Court finds that Plaintiff's request for costs, expenses, and attorney's fees should be denied.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion for Remand and Fees should be granted in regard to Plaintiff's request that this matter be remanded to State court and denied in regard to Plaintiff's request that it be awarded costs, expenses, and attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand and Fees (ECF 7) is **GRANTED**, in part, and **DENIED**, in part;

**IT IS FURTHER ORDERED** that Plaintiff's request that this matter be

remanded to the Circuit Court of the City of St. Louis, Missouri, is **GRANTED**, and that Plaintiff's request for costs, expenses, and attorney's fees is **DENIED**;

**IT IS FURTHER ORDERED** that a separate Order of Remand shall issue; and

**IT IS FINALLY ORDERED** that the Clerk of Court shall take appropriate action to assure this matter is remanded to the Circuit Court of the City of St. Louis, Missouri.

Dated this 9th Day of February 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE